# United States Court of Appeals
## For the First Circuit

No. 15-1369

UNITED STATES OF AMERICA,

Appellee,

v.

ANTONIO RODRÍGUEZ-CARABALLO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Lynch, Circuit Judges.

Juan J. Hernández López de Victoria on brief for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, Julia M. Meconiates, Assistant United States
Attorney, and Rosa Emilia Rodríguez-Vélez, United States Attorney,
on brief for appellee.

March 30, 2016

**LYNCH**, **Circuit Judge**.  Antonio Rodríguez-Caraballo, a former officer with the Puerto Rico Police Department, pleaded guilty to making a false declaration to a federal grand jury.  The district court sentenced him to forty-six months of imprisonment, a sentence that was at the low end of his guideline sentencing range.  On appeal, he challenges the district court's denial of a downward variance.  We affirm.

## I.

The operative indictment, returned by the grand jury on August 2, 2013, charged Rodríguez-Caraballo with three counts: providing misleading information to a law enforcement officer, making a false statement to the Federal Bureau of Investigation, and making a false declaration to a federal grand jury.  The charges arose out of an investigation into the beating death of an individual at the hands of three Puerto Rico police officers and a subsequent cover-up of the incident.  Rodríguez-Caraballo was not one of the officers involved in the beating, but he did testify falsely about the event before a grand jury.

On August 25, 2014, Rodríguez-Caraballo pleaded guilty to one count of making a false declaration to a grand jury, in violation of 18 U.S.C. § 1623.  In the plea agreement, the parties jointly calculated a guideline sentencing range of forty-six to fifty-seven months.

On February 24, 2015, Rodríguez-Caraballo filed a sentencing memorandum that requested a downward variance to a sentence of probation based on his age -- fifty-one years old at the time of sentencing -- and his long history of public service as a police officer.

On February 27, 2015, Rodríguez-Caraballo was sentenced to forty-six months of imprisonment, to be followed by a three-year term of supervised release. The district court explained that it was denying Rodríguez-Caraballo's request for a variance because "the conduct of this defendant was very detrimental not only to the people of Puerto Rico but also to the Police of Puerto Rico." The district court stated that "it is unbecoming of a police officer with supervisory powers to lie to the other law enforcement officers who are investigating the commission of the offense, as grave as this one, where a human being died," and it expressed its concern that Rodríguez-Caraballo's actions were a "very bad example to . . . those officers who are just entering or have recently entered into service with the Police of Puerto Rico."

This appeal followed.

## II.

The government seeks to enforce the waiver-of-appeal provision in Rodríguez-Caraballo's plea agreement. Because poor drafting makes it unclear whether this appeal falls within the scope of the waiver-of-appeal clause, we decline to determine the

applicability of the appeal waiver and instead affirm on the merits.

Rodríguez-Caraballo does not claim any procedural error. He claims only that the district court's failure to grant a downward variance renders his sentence substantively unreasonable. The government urges us to apply plain error review because of Rodríguez-Caraballo's failure to preserve a substantive reasonableness objection. Although the standard of review for an unpreserved substantive reasonableness challenge is uncertain, see United States v. Cortés-Medina, 810 F.3d 62, 69 (1st Cir. 2016), we do not resolve that uncertainty because the challenge fails under either abuse of discretion or plain error review.

At the sentencing hearing, the district court noted Rodríguez-Caraballo's age, history of public service as a police officer, and first-time offender status. However, it declined to give a downward variance upon noting the seriousness of his offense, noting in particular the detrimental effects that Rodríguez-Caraballo's actions had on the Puerto Rico Police Department. The district court's well-reasoned and adequately explained decision was not an abuse of discretion. To the extent that Rodríguez-Caraballo argues that the district court gave insufficient weight to his age and history of public service, we decline to reweigh the sentencing factors on appeal. See United States v. Gibbons, 553 F.3d 40, 47 (1st Cir. 2009); United States

- 4 -

v. <u>Dixon</u>, 449 F.3d 194, 205 (1st Cir. 2006).  Nor did the district court abuse its discretion by not expressly mentioning the awards the defendant had received as a police officer.  <u>See</u> <u>United States</u> v. <u>Occhiuto</u>, 784 F.3d 862, 869 (1st Cir. 2015).

We <u>affirm</u>.